UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>2003 MERCEDES BENZ E55 AMG,<br>VIN: WDBUF76J73A280733,<br>License Number: 5EQB640,<br><br>        Defendant. | No.  2:13-cv-01274-GEB-CKD<br><br><u>ORDER DENYING PETITION FOR<br>RELEASE OF SEIZED VEHICLE</u> |

Claimant Matthew Sean Roberts ("Claimant") petitions under 18 U.S.C. § 983(f) of the Civil Forfeiture Reform Act of 2000 ("the Act") for the release of a 2003 Mercedes Benz ("Vehicle") currently in Plaintiff's custody. Plaintiff seized the Vehicle from Claimant on June 20, 2012, in connection with an alleged sale of counterfeit software. (Compl. for Forfeiture in Rem ("Compl.") ¶¶ 2, 7, ECF No. 1.) Plaintiff opposes the petition.

The Act prescribes:

> A claimant . . . is entitled to immediate release of seized property if—
>
> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;

1

          (C)    the continued possession by the government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless; [and]

          (D)    the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding.

18 U.S.C § 983(f)(1)(A)-(D).

"The burden is on Claimant to prove that [he] has satisfied all the requirements of 18 U.S.C. § 983(f)." United States v. 2005 Mercedes Benz E500, 847 F. Supp. 2d 1211, 1214 (E.D. Cal. 2012).

Plaintiff argues, inter alia, that Claimant has not satisfied § 983(f)(1)(C)'s substantial hardship requirement. Claimant argues that this requirement is satisfied because without the Vehicle, "his ability to perform his daily business and generate income is significantly impaired." (Pet. for Release of Seized Vehicle ("Pet."), 3:26-4:1, ECF No. 9.) Claimant contends that he needs the Vehicle to operate his "web development business" because he uses it for "calling on prospective clients at their places of business, networking[,] and attending community events to meet potential clients." (Pet. 4:3, 4:5-8.) Claimant further argues that his required business travel, which includes trips to community meetings, a client site, and a health center, takes between twenty-nine minutes and two hours, thirty-seven minutes via public transit, depending on

distance. (Pet., Ex. E.)

Plaintiff counters that "public transportation does not prevent [Claimant] from maintaining his current customer base or expanding his web development business through new client acquisitions." (United States' Opp'n to Claimant Matthew Roberts' Pet. for Release of the Vehicle ("Opp'n"), 6:23-25, ECF No. 16.) Plaintiff further rejoins that ride-sharing Internet applications, carpooling, and telecommuting offer Claimant other alternatives to use of the Vehicle. (Opp'n 7:1-4.)

The examples of substantial hardship stated in § 983(f)(1)(C), specifically, "preventing the functioning of a business, [or] preventing an individual from working" "indicate a clear legislative intent that the hardship experienced go beyond mere inconvenience to the claimant." 2005 Mercedes Benz E500, 847 F. Supp. 2d at 1216 (holding that "commut[ing] to work by car-pooling," as opposed to driving, is an inconvenience, not a substantial hardship). In general, use of public transportation is not a substantial hardship. See In re Petition of Moran, No. 09-cv-248-MMA(CAB), 2009 WL 650281, at *2 (S.D. Cal. Mar. 10, 2009) (holding that a petitioner did not face a substantial hardship when seizure of a vehicle required him to use public transportation to commute to school).

Claimant has shown that public transportation offers him an alternate mode of transportation to and from his frequent destinations. Most of the public transit travel times Claimant cites in his petition are not burdensomely long. According to Claimant's Petition, travel times to the Natomas Power Partners Meeting and Natomas Chamber of Commerce Meeting are twenty-nine

3

1 and thirty-four minutes, respectively, and aside from one longer
2 trip to a client site, no trip takes more than one hour, thirty-
3 nine minutes. (Pet., Ex. E.) Although Claimant contends that the
4 travel time to visit the referenced client site is significantly
5 longer than the shorter trips he mentions, Claimant has not
6 indicated with what regularity he must visit this client, nor has
7 he indicated why he must visit this client in person rather than
8 communicate via phone or Internet.

        Therefore, in light of public transportation options that Claimant could use in lieu of the Vehicle, Claimant has not shown that Plaintiff's continued possession of the Vehicle causes or will cause him a substantial hardship within the meaning of § 983(f)(1)(C). Therefore, Claimant's petition is DENIED.

        Dated: September 11, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge